RECEIVED
USDC CLERK, CHARLESTON, SC

2005 JUN -7  A 10: 06

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL ACTION NO. 9:04-23306-08 |
| Plaintiff, ) | |
| vs. ) | |
| ) | DECREE OF FORECLOSURE |
| DIANE S. SAUNDERS, a/k/a DIANE ) | AND SALE |
| CAROL THAMES, a/k/a DIANE S. ) | |
| THAMES, ) | |
| Defendant. ) | |

This is an action by the United States of America for the foreclosure of a Real Estate Mortgage, and other relief, pertaining to property located in Hampton County, South Carolina, which Mortgage was executed by James A. Thames and Diane S. Thames, a/k/a Diane Carol Thames, a/k/a Diane S. Saunders, to the United States of America, acting through the Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, an agency of the plaintiff.

Upon reading the Affidavit of Robert F. Daley, Jr., Assistant United States Attorney, the plaintiff's attorney of record, and after due consideration thereof and the record in the case, I hereby find and conclude as to Plaintiff's Complaint, as follows:

1. This action was commenced by the filing of a Summons and Complaint on December 16, 2004 and service was duly made on the defendant pursuant to law and as shown by the Affidavit of Service and/or other document on file herein. The defendant is now in default, as appears from the Affidavit of Plaintiff's attorney, filed herein. I find that the allegations of the Complaint are true and correct; that the statements contained in the affidavit are true and correct and are supported by the exhibits of record in the case. The

mortgagor-defendant, Diane S. Saunders, a/k/a Diane Carol Thames, a/k/a Diane S. Thames, as of March 12, 2005 is indebted to Plaintiff in the amount of $68,939.36, which amount includes principal, interest, $374.67 in taxes, as well as other advances, and Plaintiff is entitled to daily interest accrual from the above stated date in the amount of $10.4249 for each day.  This loan is subject to interest credit recapture as evidenced by the Subsidy Repayment Agreement. During the life of the loan, Defendant Diane S. Saunders, a/k/a Diane Carol Thames, a/k/a Diane S. Thames received a subsidy in the amount of $18,363.88, which amount is included in the above total debt. Findings herein as to the amount of judgment are based on and are in reliance upon Plaintiff's Affidavit of Default and Amount Due with attachments, particularly Exhibit C, all on file herein.  The Lis Pendens was filed in the Office of the Clerk of Court/R.M.C. for Hampton County, South Carolina, on January 6, 2005 in accordance with §§ 15-11-10 and 15-11-20, Code of Laws of South Carolina (1976).  No petition for intervention has been filed.

2.  This Court has jurisdiction of the subject matter and of the parties to this case; and the plaintiff is entitled to have its Mortgage foreclosed, the property sold, and the proceeds applied as set forth herein; said property is described as

> All that certain piece, parcel, or lot of land, together will all improvements thereon, situate, lying and being in the North of the Town of Hampton, County of Hampton, State of South Carolina, containing 0.523 acre, more or less, as will more fully appear by reference to plat made by C. Lawton Maner R.L.S., dated June 11, 1990, recorded in the Office of the Clerk of Court for Hampton County in Plat Cabinet A, Slide 53 and according to said plat measuring and bounding as follows: On the Northeast for a distance of 120.00 feet by property of James E. Brunson; on the Southeast for a distance of 190.00 feet by other lands of Ruth M. Brunson; on the Northwest

for a distance of 120.00 feet by Highway S-25-258; and, on the Northwest for a distance of 190.00 feet by property of Robert W. and Vivian R. Seagrove, Sr.

TMS No. 117-00-00-105

Being the identical property conveyed to James A. Thames and Diane S. Thames by deed of Ruth M. Brunson dated August 28, 1990, and recorded August 28, 1990, in the Office of the Clerk of Court/RMC for Hampton County, South Carolina, in Deed Book D-143 at Pages 22-23. James A. Thames conveyed his interest in the property to Diane Carol Thames, a/k/a Diane S. Thames, n/k/a Diane S. Saunders, by deed dated July 27, 1995, and recorded July 31, 1995, in the Office of the Clerk of Court for Hampton County, South Carolina, in Deed Book D-184 at Pages 284-287.

3. As between the parties to this action, the plaintiff's Mortgage constitutes a first lien upon the real estate hereinabove described.

4. Plaintiff not having affirmatively sought a deficiency judgment, the bidding will not stay open for the customary thirty (30) days following the sale.

5. In light of the preceding findings and conclusions, I further find and conclude that Plaintiff is entitled to the relief sought in its Second Cause of Action.



NOW, THEREFORE, upon motion of the United States Attorney, it is

ORDERED, ADJUDGED AND DECREED

1. The defendant, Diane S. Saunders, a/k/a Diane Carol Thames, a/k/a Diane S. Thames, as of March 12, 2005 is indebted to Plaintiff in the amount of $68,939.36, which amount includes principal, interest, $374.67 in taxes, as well as other advances, and Plaintiff is entitled to daily interest accrual from the above stated date in the amount of $10.4249 for each day. This loan is subject to

interest credit recapture as evidenced by the Subsidy Repayment Agreement. During the life of the loan, Defendant Diane S. Saunders, a/k/a Diane Carol Thames, a/k/a Diane S. Thames received a subsidy in the amount of $18,363.88, which amount is included in the above total debt.

2. Plaintiff shall have judgment of foreclosure of its Mortgage against the defendant, and the defendant, and all persons claiming by, through, or under Defendant, are hereby forever barred from all right, title, interest and equity of redemption in and to the mortgaged premises hereinabove described, or to any part thereof.

3. The United States Marshal or a duly authorized Deputy, after having advertised for sale the mortgaged premises once a week for four weeks prior to sale as required by 28 U.S.C. § 2002, shall sell the mortgaged premises described in the Complaint subject to ad valorem taxes, at public auction before the door of the Hampton County Courthouse at the usual hour of public sale on any convenient date set by the Marshal and stated in the published notice of sale.



4. In conducting the sale, the United States Marshal or a duly authorized Deputy shall require the highest bidder, other than the plaintiff, to make a cash deposit of five percent (5%) of the bid as earnest money and as evidence of good faith. (The balance of the bid shall be paid in cash, by certified check or cashier's check.) If the plaintiff is the successful bidder at the sale, the amount due on its Mortgage may be used as the equivalent of cash. Should the person making the highest bid at the sale fail to comply with the terms of the bid by depositing the said five percent (5%) in cash, then the premises shall be resold at such bidder's risk on the same sales date, or some subsequent date, as the selling officer may find convenient

and advantageous. Should the last and highest bidder fail to comply with the terms of the bid within ten (10) days of the final acceptance of the bid, the entire deposit shall be forfeited, and the selling officer shall readvertise and resell the property on the same terms and at the bidder's risk on a subsequent sales day.

5. Under 28 U.S.C. § 566, it is the duty of the United States Marshal to enforce the decree of the United States District Court and under § 564, the Marshal is authorized to exercise the same powers of the Sheriff in conducting the sale. It is in the interest of justice that the sale be conducted to yield the best price through free, fair, and competitive bidding. Any act that appears to prevent a free, fair, and open sale or to suppress the bidding or which otherwise adversely affects the sale, will not be allowed. If such an act occurs, then the sale will be halted. Further, the individual or individuals who perform any act which appears to contribute to the sale being halted or otherwise adversely affected, may be charged with contempt of court, to be sanctioned accordingly, including but not limited to paying for the costs and expenses of the scheduled sale.

6. Upon full compliance with the terms of sale, the United States Marshal shall convey title in fee simple to the purchaser, or his nominee; the purchaser shall be let into possession of the premises upon production of the United States Marshal's deed; and all persons holding adversely to the purchaser shall be ejected from the premises by the United States Marshal.

7. The proceeds of the sale shall be applied first to the costs and disbursements of this action and the expenses of the sale; and second, to the payment and discharge of the amount herein found

due the plaintiff; and should any of the proceeds thereafter remain, the balance thereof shall be held until further order of this Court.

       8. After the sale of the premises, and as soon as the sale by the United States Marshal is complete, and has been approved by the Court, the mortgagor, or other person in possession, shall within fifteen days of the date of approval by the Court, move from the premises, and give up the premises, without damage or vandalism. Upon failure of any mortgagor, or person in possession, to vacate the premises within fifteen days of the date of approval by the Court, the United States Marshal is authorized, empowered and directed to enter upon the premises, and evict them therefrom, unless prior to such date, the mortgagor, or other person in possession, obtains from the Court an Order extending the time which said mortgagor or other person in possession shall have to vacate the premises. The United States Marshal (or deputy) is also authorized to remove from the premises any furniture or other possessions of the mortgagor, or other person in possession, and any interference with the activities of the Marshal will be upon pain of contempt of Court.

                                                                      UNITED STATES DISTRICT JUDGE

Charleston, South Carolina

June 6, 2005